18-1765-cv
*Cipolloni v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           BARRINGTON D. PARKER,
           DENNY CHIN,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARMEN CIPOLLONI,

　　　　　　　*Plaintiff-Appellant,*

　　　　　　　v.                                           18-1765-cv

CITY OF NEW YORK,

　　　　　　　*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEVEN M. WARSHAWSKY, The
                                Warshawsky Law Firm, New York,
                                New York; Tomaz J. Piotrowski, T.J.
                                Piotrowski Law Firm, Brooklyn, New
                                York.

FOR DEFENDANT-APPELLEE:         KATHY C. PARK (Devin Slack,
                                Deborah A. Brenner, *on the brief*), *for*

Zachary W. Carter, Corporation
Counsel of the City of New York,
New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Carmen Cipolloni was arrested on March 17, 2016 after the New York Police Department ("NYPD") database showed that he had an active order of protection against him. Cipolloni was released after prosecutors discovered that the order of protection had been dismissed. Cipolloni brought a 42 U.S.C. § 1983 action against defendant-appellee City of New York (the "City"). On May 21, 2018, the district court granted the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cipolloni filed a timely notice of appeal on June 12, 2018. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The following facts are drawn from the complaint and presumed to be true. On March 17, 2016, around 2:00 a.m., Cipolloni went to his girlfriend's apartment in Queens, New York. Cipolloni was standing in a public entryway of the apartment building and talking to his girlfriend on the phone when police arrived. Cipolloni was

detained and police ran a background check in the NYPD database. The NYPD database showed an active order of protection against him.

The order of protection, however, had been dismissed on January 28, 2016, but the dismissal was not reported in the NYPD database. Both Cipolloni and his girlfriend, who sought the prior order of protection, informed police that it had been dismissed. Nevertheless, police arrested Cipolloni and charged him with criminal contempt. Several hours after he was detained, prosecutors discovered the database error and the charges against Cipolloni were dropped.

Cipolloni sued the City, asserting a claim under § 1983 because "the City knows that the design and operation of the NYPD database, which contains erroneous and out-of-date information, results in innocent persons being falsely arrested for violating expired orders of protection" and the City has failed to prevent these constitutional violations. App. at 27. In a memorandum decision and order entered May 21, 2018, the district court dismissed Cipolloni's § 1983 claim for failure to state a claim and declined to exercise pendent jurisdiction over his state law claims. This appeal followed.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient

- 3 -

factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is

plausible where it allows the court to "draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id.*  This requires "more than a sheer possibility

that a defendant has acted unlawfully." *Id.*  Moreover, pleading facts consistent with a

defendant's liability or "[t]hreadbare recitals of the elements of a cause of action,

supported by merely conclusory statements, do not suffice." *Id.*

Municipalities may be sued under § 1983.  *Monell v. Dep't of Social Servs.*,

436 U.S. 658, 690 (1978).  To state a claim for municipal liability, a plaintiff must plead

that "(1) an official policy or custom . . . (2) causes the plaintiff to be subjected to (3) a

denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir.

2007).  "Official municipal policy includes the decisions of a government's lawmakers,

the acts of its policymaking officials, and practices so persistent and widespread as to

practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"[I]solated acts" by non-policymaking municipal employees are not sufficient to

demonstrate a municipal custom or policy.  *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d

Cir. 2012) (holding that "two instances, or at the most three, over a period of several

years" is insufficient); *Green v. City of New York*, 465 F.3d 65, 81 (2d Cir. 2006) (holding

that one instance of a violation is insufficient to constitute a practice).  A municipal

policy may be inferred, however, from evidence of a supervisory official's deliberate

indifference to isolated acts. *Jones*, 691 F.3d at 81. "To establish deliberate indifference a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.* This is a "stringent standard of fault" and "requires a showing that the official made a conscious choice[] and was not merely negligent." *Id.*

Cipolloni alleges that the City has a "*systemic* problem" with its database that results in innocent persons being arrested based on vacated or dismissed orders of protection. Appellants Br. at 21. Cipolloni has plausibly alleged that the City has a practice of failing to update the NYPD database to reflect changes to orders of protection. For example, Cipolloni alleged that the NYPD database "contains no information about the disposition of the case for which the order of protection was issued," and when the NYPD receives information that the order of protection has been "modified, vacated, or dismissed, this information is not properly and timely entered into the NYPD database." App. at 24.

Cipolloni has failed to plausibly allege, however, that the City has a persistent and widespread practice of arresting individuals based on the NYPD database errors so as to constitute a municipal policy. Cipolloni argues that "available evidence, and common sense, tells us that the problem . . . necessarily affects numerous people." Appellant's Br. at 23. But his complaint provided no concrete information to

support the conclusion. His complaint cited only three isolated acts over a more than 20-year period: his own arrest and two other arrests from 1994 and 2011. App. at 25 (citing *Valcarcel v. City of New York*, No. 13-cv-1740, 2014 WL 4370858 (E.D.N.Y. Sept. 2, 2014), and *Welch v. City of New York*, No. 95-cv-8953, 1997 WL 436382 (S.D.N.Y. Aug. 4, 1997)). Both of these cases, however, resulted in dismissals of the complaints. *Valcarcel*, 2014 WL 4370858, at *2 (dismissing municipal liability claim); *Welch*, 1997 WL 436382, at *4-5 (finding officer had probable cause to make arrest).

Cipolloni also cited statistics showing that 9.8% of arrests based on violations of orders of protection from January 2013 to November 2017 were dismissed prior to arraignment.[1] But the reasons for these dismissals were not provided, and the mere fact that charges were dismissed does not mean the arrests were "false." The sheer possibility that some of these dismissals may be attributable to erroneous NYPD database entries is insufficient to state a claim. Cipolloni, therefore, has failed to plausibly plead that the City has a persistent and widespread practice of making arrests based on NYPD database errors.

Nor has Cipolloni plausibly alleged that the City was deliberately indifferent to any such false arrests or that the City had "actual or constructive knowledge" of a pattern of false arrests resulting from errors in the NYPD database. Cipolloni argues that the "magnitude of this problem" -- that is, the purported hundreds

---

[1]     These statistics are not in the complaint, but the district court took judicial notice of them.

of individuals being falsely arrested -- "is sufficiently large and widespread that the City must have been aware of it." Appellant's Br. at 26-27. But this conclusory statement is made without any factual support or particularized allegations, and Cipolloni's theory that because there were errors in the database there must have been hundreds of false arrests amounts to no more than speculation and an allegation of the "sheer possibility that [the City] has acted unlawfully." *Iqbal*, 556 U.S. at 678.

\* \* \*

We have considered Cipolloni's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk